IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JUDITH N.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:17-cv-01848-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    Judith N. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") on September 24, 2012. For the reasons that follow, the Court AFFIRMS the Commissioner's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff applied for DIB on May 21, 2010. Following denials at the initial and reconsideration levels, an administrative law judge ("ALJ") held a hearing and issued an unfavorable decision on September 24, 2012. After the Appeals Council denied Plaintiff's request for review, this Court set aside the ALJ's decision and remanded the case for further proceedings. Another hearing was held and a different ALJ issued an unfavorable decision on August 23, 2016. After the Appeals Council denied Plaintiff's request for review of the August 2016 decision, Plaintiff timely filed a complaint in this Court seeking review of that decision.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing the ALJ's findings, district courts act in an appellate capacity not as the trier of fact. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). The district court must affirm the ALJ's decision unless it contains legal error or lacks substantial evidentiary support. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r of Soc. Sec.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Harmless legal errors are not grounds for reversal. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and internal quotation marks omitted). The complete record must be evaluated and the evidence that supports and detracts from the ALJ's conclusion must be weighed. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, determining: "(1) whether the claimant is 'doing substantial gainful activity'; (2) whether the claimant has a 'severe medically determinable physical or mental impairment' or combination of impairments that has lasted for more than 12 months; (3) whether the impairment 'meets or equals' one of the listings in the regulations; (4) whether, given the claimant's 'residual functional capacity,' the claimant can still do his or her 'past relevant work' and (5) whether the

claimant 'can make an adjustment to other work.'" *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 20 C.F.R. §§ 404.1520(a), 416.920(a)).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date last insured. At step two, the ALJ found that Plaintiff had the following severe limitations: "interstitial cystitis; degenerative disc disease; and seizure disorder (20 CFR 404.1520(c))." Tr. 1175. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of a listed impairment.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); § 416.920(e). The ALJ found that Plaintiff

> has the [RFC] to perform a range of light work as defined in 20 CFR 404.1567(b) except she had to avoid climbing ladders, ropes, or scaffolds. She could frequently stoop. She had to avoid all exposure to workplace hazards, such as unprotected heights and moving machinery. She required four unscheduled 5- minute breaks in addition to her normally scheduled breaks. She is limited to work environments that provide close proximity to a restroom.

Tr. 1177. At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a secretary. Accordingly, the ALJ found that Plaintiff was not disabled under the Act.

## DISCUSSION

There are two issues before me: (i) whether the ALJ erred in finding that Plaintiff could do past relevant work and in his assessment of her RFC, and (ii) whether the ALJ erred in his assessment of Plaintiff's symptom allegations.

I.  Plaintiff's Past Relevant Work

Plaintiff argues that the ALJ erred in determining that she could do her past relevant work with accommodations and in his assessment of her RFC. For the reasons below, I disagree.

An individual's residual functional capacity is the maximum a claimant can engage in given her impairments and limitations. 20 C.F.R. § 404.1545; SSR 96-8p, *available at* 1996 WL 374184. The ALJ is "responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Comm'r Soc. Sec.*, 807 F.3d 996, 1006 (9th Cir. 2015). Neither a doctor's opinion nor Plaintiff's testimony is conclusive on this issue; the ALJ is responsible for determining a claimant's residual functional capacity. 20 C.F.R. § 404.1546. And an ALJ is entitled to rely on a vocational expert's recognized expertise, which provides the necessary foundation for their testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The "claimant has the burden to prove that he cannot perform his prior relevant work either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Here, the ALJ found that Plaintiff was capable of performing past relevant work as an administrative assistant at either a sedentary or light level—albeit with at least seven five-minute breaks. Plaintiff characterizes her need for more breaks as an accommodation and argues that she would not be able to do her previous work because normal employment would only allow for three breaks. Plaintiff further

argues that she may need to take her breaks in one large chunk, which she implies would be unacceptable to an employer. But the vocational expert testified that an individual could take four five-minute breaks in addition to normally scheduled breaks and noted this translated to being off-task less than 15% of the day, which was within the bounds of acceptability for an employer. While Plaintiff characterizes this as an accommodation that cannot be considered in assessing a claimant's ability to engage in past relevant work, the vocational expert's testimony makes clear that employers are unlikely to see it this way. The ALJ reasonably relied on the vocational expert's testimony and thus did not commit error. *See Bayliss*, 427 F.3d at 1218.

Finally, Plaintiff states that the ALJ cannot simply summarize the evidence and then find it consistent with his RFC. But as *Rounds v. Comm'r Soc. Sec.* explains, it is precisely the job of the ALJ to formulate an RFC consistent with the medical record. 807 F.3d at 1006. Thus, the ALJ did not err in his assessment of the RFC.

## II. Plaintiff's Symptom Allegations

Plaintiff further argues that the ALJ did not properly assess her symptom allegations. I disagree.

An ALJ can only reject the claimant's testimony if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* "[I]f a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated."

*Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012). The amount of treatment is "an important indicator of the intensity and persistence" of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3).

Here, the ALJ gave clear and convincing reasons for discounting Plaintiff's symptom allegations. Plaintiff argues that the ALJ erred by requiring corroboration of her back-pain complaints. But Plaintiff is mistaken. The ALJ found that her symptoms had improved after physical therapy and that she had reported good symptomatic relief. In fact, shortly before her date last insured, Plaintiff had met all of her physical therapy goals and was planning to attend a workout regimen at a local Curves facility and reported being pleased with her progress. These are valid reasons to discount Plaintiff's symptom allegations.

Plaintiff also argues that the ALJ engaged in *sub silentio* rejection of Plaintiff's testimony. But the record is replete with reasons by the ALJ. For example, the ALJ noted that when Plaintiff visited a doctor approximately four months after the alleged disability onset date, the doctor only endorsed some of her symptoms and generally found that she was doing well with regard to her main complaint of interstitial cystitis. The ALJ also found that the lack of contemporaneous medical evidence undermined her claims of disability. There is no evidence that Plaintiff sought medical care, such as emergency medical services, on or around the alleged onset date of disability in August 2001. And the records that did pertain to the relevant period lacked reference to a debilitating health condition. Thus, the ALJ provided specific reasons for discounting Plaintiff's allegations.

Plaintiff further argues that the ALJ erred in using her activities of daily living to discount her testimony. As I understand her argument, Plaintiff takes issue with the ALJ's failure to inquire about whether Plaintiff's activities of daily living took up a substantial portion of her day and whether her skills were transferable to her workplace. But the ALJ is not required to make such an inquiry. A claimant's activities of daily living can be used to discredit a claimant in two ways: Either the activities can contradict the claimant's other testimony, or the activities can meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ simply noted that Plaintiff engaged in many activities that contradicted her symptom allegations. For example, despite complaining of back pain she had no trouble completing meals, performing light household chores, going outside almost every day, shopping, attending church weekly, and driving a car independently. She also testified that her chronic health problems did not preclude extended trips in a car or airplane. Thus, there is no evidence that the ALJ erred in his assessment.

The main problem with Plaintiff's argument is that she largely takes issue with the ALJ's interpretation of the record rather than explaining why the ALJ's interpretation lacks substantial support. But even where evidence of "daily activities may also admit of an interpretation more favorable" to a claimant, the Court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Burch*, 400 F.3d at 680–81. The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there

is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). Because I find that the ALJ's decision is supported by substantial evidence, the ALJ did not err.

## CONCLUSION

Accordingly, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated this 3/5 day of March, 2019.

*Ann Aiken*
Ann Aiken
United States District Judge